■ KAVANAUGH, Circuit Judge,
concurring:
The Government contends that the U.S. Parole Commissioners should receive absolute immunity for their decision to deny parole to Taylor. The Government’s fallback argument is qualified immunity. Taylor’s claim fails even if the Parole Commissioners are entitled only to qualified immunity, and the Court thus correctly affirms dismissal of the suit. The Court does not address the Government’s absolute immunity argument. I write separately simply to make clear that the Government’s absolute immunity theory is unavailing.
The Government claims that Parole Commissioners are like judges or agency adjudicators who are entitled to absolute immunity for their judicial or quasi-judicial decisions. But the Government’s position misunderstands the office of Parole Commissioner. The Supreme Court has afforded absolute immunity to those adjudicative officials who operate independently and are not removable at will by the President or another Executive Branch officer. See, e.g., Butz v. Economou, 438 U.S. 478, 513-14, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). By contrast, Executive Branch officials who are removable at will are ordinarily entitled only to qualified immunity for their decisions, even when their actions are quasi-judicial. (An exception, not applicable here, is the absolute immunity granted to prosecutors for certain prosecutorial decisions.) Parole Commissioners are Executive Branch officials who are removable at will by the President. See Constitutionality of Legislation Extending the Terms of Office of U.S. Parole Commissioners, 18 Op. O.L.C. 166, 171 (1994). Therefore, the Supreme Court’s precedents do not support granting absolute *1118 immunity to Parole Commissioners for their parole decisions.